NICOLETTI HORNIG & SWEENEY
John A.V. Nicoletti (JN-7174)
Attorneys for Plaintiff
THE NORTHERN ASSURANCE COMPANY OF AMERICA
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel: (212) 220-3830
Fax: (212) 220-3780
E-mail: jnicoletti@nicolettihornig.com
(FILE NO.: 10000542 JAVN/NN/GSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

THE NORTHERN ASSURANCE COMPANY
OF AMERICA,

                                        Plaintiff,

            -against-

FREIRE FISHING CORP. and MANNY
FERNANDO FREIRE,

                                        Defendants.

--------------------------------------------------------------X

__ Civ. __

**COMPLAINT
FOR DECLARATORY
JUDGMENT**

        Plaintiff, The Northern Assurance Company of America ("NACA"), by its

attorneys, Nicoletti Hornig & Sweeney, as and for a complaint against the defendants Freire

Fishing Corp. and Manny Fernando Freire (collectively "FREIRE"), alleges upon information

and belief as follows:

                            **JURISDICTION**

        1.    This action is filed under and pursuant to the Federal Declaratory

Judgment Act, 28 U.S.C. §2201.

        2.    The following issues constitute questions of insurance coverage under an

Admiralty or Maritime contract of insurance and thereby come within the Admiralty and

Maritime jurisdiction of the United States District Court, pursuant to Title 28 U.S.C. §1333 et seq., and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court.

3.    An actual controversy of a justiciable nature exists between plaintiff and defendant involving the rights and obligations under a marine contract of insurance and depending on the construction of said contract, the aforesaid controversy can be determined by a judgment of this Court, without further suit.

4.    The amount in controversy exceeds $75,000.00.

## PARTIES

5.    At all times relevant, plaintiff The Northern Assurance Company of America ("NACA"), was and is an insurance company duly organized under and existing by virtue of the laws of the State of New York with an office and place of business at 77 Water Street, New York, New York.

6.    At all times relevant, defendant Freire Fishing Corp., was and is a corporation or other business entity duly organized under and existing by virtue of, or otherwise licensed or authorized to do business under the laws of one of the states of the United States of America with an office and place of business at 341 Jerome Street, Brick, New Jersey.

7.    At all times relevant, defendant Manny Fernando Freire is a resident of the State of New Jersey, with a place of residence within the State of New Jersey.  Manny Fernando Freire is the principle owner of Freire Fishing Corp.

8.    Defendants FREIRE were and are the owners and/or operators of the F/V BLUE DIAMOND.

2

9. At all times relevant, Garvey Marine Corp. ("Garvey") was and is a corporation or other business entity duly organized under and existing by virtue of the laws of the State of New York and duly licensed to conduct business as an insurance broker in the State of New York with an office and place of business at 15 Trail Road, Hampton Bays, New York. Garvey is not a party to this lawsuit.

10. At all times relevant, Garvey was and is engaged in the business of brokering marine insurance and was and is the broker for defendants FREIRE with regard to Policy No. N5JH01446, a marine insurance policy, issued by plaintiff NACA for the F/V BLUE DIAMOND.

11. At all times relevant, Garvey was and is the agent of defendants FREIRE.

## THE HULL POLICY

12. On or before February 15, 2009, Garvey, on behalf of defendants FREIRE, made an application in New York to plaintiff NACA for hull and protection and indemnity insurance on the F/V BLUE DIAMOND.

13. Pursuant to and in reliance upon the application by Garvey for defendants FREIRE, NACA, on or about February 15, 2009, agreed to renew Policy No. N5JH01446, which provided, among other things, hull and protection and indemnity insurance for the F/V BLUE DIAMOND, subject to the policy's terms and conditions, with a policy period from February 15, 2009 to February 15, 2010. The premium charged for the full policy period was $27,225.00.

14. At the request of defendants FREIRE, Policy No. N5JH01446 was subsequently cancelled effective August 17, 2009. In light of the cancellation, defendants FREIRE agreed to and accepted a return of premium in the amount of $13,576.00.

3

15.   In and by the terms of Policy No. N5JH01446, with respect to hull coverage for the F/V BLUE DIAMOND, the policy provides in pertinent part:

### COMMERCIAL FISHING ENDORSEMENT

\* \* \*

G.   **SEAWORTHINESS WARRANTY**

Warranted that at the inception of this policy the vessel shall be in seaworthy condition and thereafter, during the currency of this policy, the insured shall exercise due diligence to keep the vessel seaworthy, and in all respects fit, tight, and properly manned, equipped and supplied.

\* \* \*

In consideration of the premium and the stipulations, terms and conditions hereinafter mentioned, this Company does hereby insure:

Assured  FREIRE FISHING CORP.
         MANNY FERNANDO FREIRE

\* \* \*

Upon the 1968 72' TOCHE called "BLUE DIAMOND"
Her hull, tackle, apparel, engines, boilers, machinery, appurtenances, equipment, stores, boats and furniture

\* \* \*

Touching the adventures and perils which this Company is contented to bear and take upon itself, they are of the waters named herein, fire, lightning, earthquakes, assailing thieves, jettisons, barratry of the master and mariners and all other like perils that shall come to the hurt, detriment or damage of the vessel named herein.

This insurance also covers loss of or damage to the vessel named herein caused by explosion on shipboard or elsewhere.

This insurance also covers loss of or damage to the vessel named herein directly caused by:

Accidents in loading, discharge or handling of cargo, on in bunkering;

4

Accidents in going on or off, or while on drydocks, graving docks, ways, marine railways, gridiorns or pontoons;

Breakdown of motor generators or other electrical machinery and electrical connections thereto, bursting of boilers, breakage of shafts, or any latent defect in the machinery or hull, (excluding the cost and expense of replacing or repairing the defective part);

Breakdown of or accidents to nuclear installations or reactors not on board the vessel named herein;

Contact with aircraft, rockets, or similar missiles, or with any land conveyance;

Negligence of charterers and/or repairers are not assured(s) hereunder;

Negligence of master, mariners, engineers or pilots;

Provided such loss or damage has not resulted from want of due diligence by the assured, the owners or managers of the vessel, or any of them.

## **BACKGROUND FACTS**

16.   On or about August 14, 2009, at approximately 1800 hrs, the F/V BLUE DIAMOND departed from her berth in Point Pleasant, New Jersey.

17.   At approximately 2300 hours that same day, while the vessel was underway about 75 miles from shore, defendant Manny Fernando Friere discovered water in the F/V BLUE DIAMOND's bilge.

18.   By the early morning hours of August 15, 2009, the vessel's bilge pump and a portable submersible pump could not keep up with the rate of the water ingress. The source of the ingress of water could not be, and was not, located at that time.

19.   Unable to control the ingress of water, at approximately 0700 hours on August 15, 2009, defendant Manny Fernando Friere called the United States Coast Guard for assistance.

20.   The United States Coast Guard responded with a helicopter, 2 cutters and a plane to air drop pumps to the F/V BLUE DIAMOND.

21.   In addition, defendant Manny Fernando Friere engaged a private salver, Shamrock Towing.

22.   At approximately 2130 hours on August 15, 2009, a Shamrock Towing tug arrived and began pumping out and towing the F/V BLUE DIAMOND.   Shamrock Towing was able to stabilize the F/V DIAMOND and they arrived at the Shamrock dock at approximately 0900 hours on August 16, 2009.

23.   It has since been determined that the water ingress into the vessel was due to heavily corroded and significantly deteriorated hull plating in the area of the shaft alley's starboard side shell plating.

24.   At all times immediately prior to the discovery of the ingress of water into the F/V BLUE DIAMOND and throughout the time of the water ingress, the weather and sea conditions were calm.

25.   At all times during the voyage in question in which the F/V BLUE DIAMOND took on water, a representative of the vessel's owner, FREIRE, was on board.

26.   An owner's representative was on board the F/V BLUE DIAMOND each and every time the vessel was in operation.

27.   On or about May 2006, the F/V BLUE DIAMOND was put on dry dock at Garpo Marine, Inc., located in Staten Island, New York, for the purpose, at least in part, of hull inspection and repair.

28.   During the drydocking, the vessel's bottom was cleaned and doublers were installed to cover certain hull leaks developing in the hull bottom in way of the lazarette.

29.   Despite the deteriorated condition of the hull plating, the hull was not audiogaged.

30.   Had readings of the hull been taken, it would have revealed a serious and significant amount of corrosion and deterioration underway throughout the vessel, including in the area of the shaft alley's starboard side shell plate.

31.   This corroded and deteriorated steel hull plating, including in the area of the shaft alley's starboard side shell plate, was never repaired, renewed or replaced prior to the water ingress into the F/V BLUE DIAMOND on or about August 14-15, 2009.

32.   Further, whatever hull repairs were made at Garpo Marine, Inc. in May 2006 were not performed in a suitable manner and were not permanent in nature.

33.   By this action, NACA declines FREIRE's claims for the damage to the F/V BLUE DIAMOND and any and all related salvage, repair and other expenses based on the presently known facts and law for the reasons stated herein.

## AS AND FOR A FIRST CAUSE OF ACTION

34.   Repeats and realleges each and every allegation set forth in paragraphs "1" through "33" inclusive of this Complaint with the same force and effect as if more fully set forth herein.

35.    Policy No. N5JH01446 provides coverage for the hull of the F/V BLUE DIAMOND, subject to all of the policies terms and conditions, on a named perils basis only.

36.    Defendants FREIRE have failed to make any showing whatsoever that the cause of the water ingress resulted from one of the perils insured under Policy No. N5JH01446.

37.    By virtue of the foregoing premises, NACA is not liable under Policy No. N5JH01446 with respect to FREIRE's claim for the damage to the F/V BLUE DIAMOND DIAMOND and any and all related salvage, repair and other expenses as a result of the water ingress on or about August 14-15, 2009.

## AS AND FOR A SECOND CAUSE OF ACTION

38.    Repeats and realleges each and every allegation set forth in paragraphs "1" through "37" inclusive of this Complaint with the same force and effect as if more fully set forth herein.

39.    The water ingress into the F/V BLUE DIAMOND on or about August 14-15, 2009, was not caused by, and/or did not arise out of, an insured event under Policy No. N5JH01446 but rather was caused by and/or arose out of ordinary wear and tear, wastage and/or deterioration of her hull plating.

40.    The water ingress into the F/V BLUE DIAMOND on or about August 14-15, 2009, was not caused by and/or did not arise out of a fortuitous event.

41.    By virtue of the foregoing premises, NACA is not liable under Policy No. N5JH01446 with respect to FREIRE's claim for the damage to the F/V BLUE DIAMOND DIAMOND and any and all related salvage, repair and other expenses as a result of the water ingress on or about August 14-15, 2009.

## AS AND FOR A THIRD CAUSE OF ACTION

42.   Repeats and realleges each and every allegation set forth in paragraphs "1" through "41", inclusive of this Complaint with the same force and effect as if more fully set forth herein.

43.   The F/V BLUE DIAMOND took on water in calm weather and sea conditions.

44.   Under the law, when a vessel takes on water in calm weather, a presumption exists that the vessel was unseaworthy and that the cause of the water ingress was the unseaworthiness of the vessel.

45.   The F/V BLUE DIAMOND was, therefore, presumptively unseaworthy at the time she took on water and water ingress was the result of such unseaworthiness.

46.   Therefore, the water ingress into the F/V BLUE DIAMOND was not caused by, and/or did not arise out of, a fortuitous event.

47.   By virtue of the foregoing premises, NACA is not liable under Policy No. N5JH01446 with respect to FREIRE's claim for the damage to the F/V BLUE DIAMOND DIAMOND and any and all related salvage, repair and other expenses as a result of the water ingress on or about August 14-15, 2009.

## AS AND FOR A FOURTH CAUSE OF ACTION

48.   Repeats and realleges each and every allegation set forth in paragraphs "1" through "47", inclusive of this Complaint with the same force and effect as if more fully set forth herein.

49.   Pursuant to the terms and conditions of Policy No. N5JH01446, FIERE warranted and agreed to keep the F/V BLUE DIAMOND in seaworthy condition.

50.    The loss to the F/V BLUE DIAMOND was due to FIERE's failure to exercise due diligence to maintain the vessel in a seaworthy condition.

51.    By virtue of the foregoing premises, NACA is not liable under Policy No. N5JH01446 with respect to FREIRE's claim for the damage to the F/V BLUE DIAMOND DIAMOND and any and all related salvage, repair and other expenses as a result of the water ingress on or about August 14-15, 2009.

### AS AND FOR A FIFTH CAUSE OF ACTION

52.    Repeats and realleges each and every allegation set forth in paragraphs "1" through "51", inclusive of this Complaint with the same force and effect as if more fully set forth herein.

53.    The law implies into every time hull insurance policy an absolute warranty of seaworthiness.

54.    As a matter of law, defendant FREIRE warranted the seaworthiness of the F/V BLUE DIAMOND at the time of the attachment of the risk under Policy No. N5JH01446.

55.    At the time of the attachment of the risk under Policy No. N5JH01446 the F/V BLUE DIAMOND was not in a seaworthy condition by reason of, among other things, the excessively diminished condition of the vessel's hull plating and the failure to make the necessary repairs and renewals in the vessel's hull plating.

56.    By virtue of the foregoing premises, defendant FREIRE has breached the absolute implied warranty of seaworthiness for the F/V BLUE DIAMOND at the time of the inception of Policy No. N5JH01446 which renders the policy void ab initio, and therefore plaintiff NACA is not liable for any claims under the subject policy for the damage to the F/V BLUE DIAMOND and any and all related salvage, repair and other expenses.

57.   Since Policy No. N5JH01446 is null and void <u>ab initio</u> and no coverage under the policy came into effect, plaintiff NACA hereby tenders to defendant FREIRE a return of premium for the hull and equipment coverage under the subject policy in the amount of $13,649.00.

## AS AND FOR A SIXTH CAUSE OF ACTION

58.   Repeats and realleges each and every allegation set forth in paragraphs "1" through "57" inclusive of this Complaint with the same force and effect as if more fully set forth herein.

59.   The law implies into every time hull insurance policy a negative, modified warranty of seaworthiness in addition to the absolute warranty of seaworthiness.

60.   As a matter of law, pursuant to the implied, negative, modified warranty of seaworthiness, FREIRE warranted that it would not, from bad faith or neglect, knowingly allow the F/V BLUE DIAMOND to break ground in an unseaworthly condition.

61.   At the time the F/V BLUE DIAMOND departed Point Pleasant, New Jersey on or about August 14, 2009, the vessel owner's representatives were aware of the excessive diminution of steel in the vessel's hull plating.

62.   At the time the F/V BLUE DIAMOND departed Point Pleasant, New Jersey on or about August 14, 2009, the vessel owner's representatives were aware that the corroded and deteriorated hull plating in the area of the shaft alley's starboard side shell plate had not been repaired, replaced or renewed.

63.   At all times during the voyage during which the F/V BLUE DIAMOND took on water, the vessel owner's representatives were aboard the F/V BLUE DIAMOND.

64.  Despite the knowledge of the vessel owner's representatives that the F/V BLUE DIAMOND was unseaworthy at the time she broke ground from Point Pleasant, New Jersey on or about August 14, 2009, the vessel owner's representatives, either through bad faith or neglect, allowed the F/V BLUE DIAMOND to sail in an unseaworthy condition.

65.  By virtue of the foregoing premises, plaintiff NACA is not liable for any claims under Policy No. N5JH01446 for the damage to the F/V BLUE DIAMOND and any and all related salvage, repair and other expenses.

WHEREFORE, plaintiff The National Assurance Company of America prays for judgment against defendants Freire Fishing Corp. and Manny Fernando Freire as follows:

A.  in favor of plaintiff and against defendants on the First Cause of Action for judgment declaring that there is no coverage under Policy No. N5JH01446 for the damage to the vessel F/V BLUE DIAMOND and any and all related salvage, repair and other expenses by reason that the defendants cannot sustain their burden of proving that the water ingress resulted from a peril covered under the policy;

B.  in favor of plaintiff and against defendants on the Second Cause of Action for judgment declaring that there is no coverage under Policy No. N5JH01446 for the damage to the vessel F/V BLUE DIAMOND and any and all related salvage, repair and other expenses by reason that the alleged losses did not result from a fortuitous event and/or that the alleged losses resulted from ordinary wear and tear, wastage and/or deterioration which are not covered under the subject policy;

12

C. in favor of plaintiff and against defendants on the Third Cause of Action for judgment declaring that there is no coverage under Policy No. N5JH01446 for the damage to the vessel F/V BLUE DIAMOND and any and all related salvage, repair and other expenses by reason that the F/V BLUE DIAMOND was presumptively unseaworthy at the time of the water ingress and that alleged losses did not result from a fortuitous event but rather resulted from the vessel's unseaworthiness;

D. in favor of plaintiff and against defendants on the Fourth Cause of Action for judgment declaring that there is no coverage under Policy No. N5JH01446 for the damage to the vessel F/V BLUE DIAMOND and any and all related salvage, repair and other expenses by reason that defendants breached the terms and conditions of the policy by failing to keep the vessel in seaworthy condition;

E. in favor of plaintiff and against defendants on the Fifth Cause of Action for judgment declaring that there is no coverage under Policy No. N5JH01446 for the damage to the vessel F/V BLUE DIAMOND and any and all related salvage, repair and other expenses by reason that the subject policy is void ab initio due to the breach of the implied absolute warranty of seaworthiness;

F. in favor of plaintiff and against defendants on the Sixth Cause of Action for judgment declaring that there is no coverage under Policy No. N5JH01446 for the damage to the vessel F/V BLUE DIAMOND and any and all related salvage, repair and other expenses by reason that the

13

defendants breached the implied negative, modified warranty of seaworthiness;

G.   in favor of plaintiff for such other and further relief that this Court may deem just and proper, together with costs and disbursements of this action.

Dated:   New York, New York
         August 16, 2010

                            NICOLETTI HORNIG & SWEENEY
                            Attorneys for Plaintiff
                            THE NORTHERN ASSURANCE COMPANY
                            OF AMERICA

                   By:      _____
                            John A. V. Nicoletti (JN-7174)
                            Wall Street Plaza
                            88 Pine Street, 7th Floor
                            New York, New York 10005-1801
                            Tel: (212) 220-3830
                            Fax: (212) 220-3780
                            E-mail: jnicoletti@nicolettihornig.com
                            (FILE NO.:  10000542 JAVN/NN/GSR)

X:\Public Word Files\1\542\LEGAL\DJ COMPLAINT.08.16.10.gsr.s.rr.doc

14